UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN HYLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1439 (RBW) |
| | ) | |
| JOHN G. ROBERTS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On August 17, 2006, the pro se plaintiff filed a complaint against John G. Roberts, Jr., Chief Justice of the United States Supreme Court ("the defendant"), alleging that the defendant, along with, inter alia, President George W. Bush, conspired to "fix" his appointment as Chief Justice and place him unlawfully "into the highest judicial position in the United States," Complaint ("Compl.") ¶ 4 (excessive capitalization removed); see generally Compl. at 1-3, and claiming that "the executive and judicial powers of the President of the United States do not encompass the placement of a United States Supreme Court Chief Justice," Compl. at 4 (emphases and idiosyncratic formatting removed). The Court notes that the plaintiff's complaint in this case is substantially identical to his complaint in a prior case, Hyland v. Bush, Civil Action No. 05-1878. The Court dismissed Bush with prejudice on April 19, 2006, on the grounds that it lacked subject matter jurisdiction over the complaint,[1] Hyland v. Bush, No. 05-

---

[1] Specifically, the Court concluded in Bush that the plaintiff had utterly failed to satisfy his burden of establishing that the government had waived the sovereign immunity which shields from lawsuit all federal employees who are sued in their official capacities. Hyland v. Bush, No. 05-1878, slip op. at 5-6.

1878, slip op. at 7 (D.D.C. April 19, 2006), and it can conceive of no reason why the present case, involving identical allegations and an identical nucleus of operative facts, would not be barred from relitigation by the doctrine of res judicata.[2]  Accordingly, it is hereby

**ORDERED** that the plaintiff's complaint is dismissed with prejudice.

**SO ORDERED** this 18th day of August, 2006.

REGGIE B. WALTON
United States District Judge

---

[2]  Moreover, even somehow assuming that res judicata did not bar this action, the plaintiff's central contention, "that neither President George Bush, nor United States SENATORS have "lawful jurisdiction" to **appoint a CHIEF JUSTICE**," Compl. at 9 (emphases, capitalization, and underlining in original), plainly presents a nonjusticiable political question which is "textually committed to the political branches" and thus not for this or any other Court to decide. Gonzalez-Vera v. Kissinger, 449 F.3d 1260, 1263 (D.C. Cir. 2006); see also U.S. Const. art. II, § 2 (stating that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Judges of the [S]upreme Court"); Nixon v. United States, 506 U.S. 224, 228 (1993) (observing that "[a] controversy is nonjusticiable—i.e., involves a political question—where there is a 'textually demonstrable constitutional commitment of the issue to a coordinate political department'") (quoting Baker v. Carr, 369 U.S. 186, 217 (1962)).